IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRIAN THOMPSON and<br>SHEILA THOMPSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>RYAN CATE and the<br>CITY of TRINIDAD, TEXAS,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:24-cv-67 |

**CITY OF TRINIDAD'S
MOTION TO DISMISS FOR IMPROPER VENUE PURSUANT TO RULE 12(B)(3)
AND ALTERNATIVE OPPOSED MOTION TO TRANSFER VENUE**

## **TABLE OF CONTENTS:**

**I. MOTION TO DISMISS FOR IMPROPER VENUE** .................................................................1

    a. Introduction and Relevant Facts.................................................................................1

    b. Standard......................................................................................................................1

**II. ARGUMENT AND AUTHORITIES** ...............................................................................3

    a. Venue is improper in the Western District of Texas ..................................................3

        1. City of Trinidad is not located in the Western District of Texas ............................3

        2. All of the events of which Plaintiffs complain occurred in City of Trinidad..........4

        3. The suit may otherwise be brought in the Tyler Division of the Eastern District ...5

    b. Conclusion..................................................................................................................5

**III. ALTERNATIVE MOTION TO TRANSFER VENUE** ....................................................6

    a. Standard - 28 U.S.C. § 1404(a) - Transfer for Convenience.......................................6

    b. The Court should transfer the case to the Tyler Division of the Eastern District because it is more convenient.....................................................................................7

        1. The threshold inquiry is clearly met.........................................................................7

        2. The relative ease of access to sources of proof weighs in favor of transfer.............8

        3. The availability of compulsory process weighs in favor of transfer........................8

        4. Transfer would significantly reduce the costs of attendance of willing witnesses ....................................................................................................................................10

        5. All other practical concerns weigh in favor of transfer..........................................11

        6. The public factors, by and large, weigh in favor of transfer ..................................11

**IV. CONCLUSION** ................................................................................................13

# TABLE OF AUTHORITIES:

**CASES**

*Action Indus., Inc. v. U.S. Fid. & Gaur. Co.*,
    358 F.3d 337, 340 (5th Cir. 2004) ..................................................................................6

*Alacritech, Inc. v. CenturyLink, Inc.*,
    No. 2:16cv693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017) .............................11

*Ambraco, Inc. v. Bossclip B.V.*,
    570 F.3d 233, 238 (5th Cir. 2009) ..................................................................................2

*Barker v. Henderson Cnty. Jail*,
    No. 6:23-CV-189-JDK-KNM, 2023 WL 4912171, at *1 (E.D. Tex. Aug. 1, 2023) ......13

*Celsion Corp. v. Stearns Mgmt. Corp.*,
    No. CIV. CCB 00-1214, 2001 WL 55456, at *4 (D. Md. Jan. 18, 2001) ..........................4

*DDC Tech., LLC v. Google LLC*,
    No. 3:22-CV-1263-B, 2023 WL 2518846, at *3 (N.D. Tex. Mar. 14, 2023) ....................7

*De La Rosa v. Gardner Glob. Logistics, Inc.*,
    No. 3:21-CV-341-K, 2021 WL 3912801, at *2, *3 (N.D. Tex. Sept. 1, 2021) .............6, 8

*Earl v. Hansen*,
    No. CV 1:20-3907-BHH-SVH, 2020 WL 6689161, at *3 (D.S.C. Nov. 12, 2020) ..........4

*Frosch v. Alsobrook*,
    No. 6:22-cv-00236 (E.D. Tex, filed Jun 23, 2022) ...........................................................13

*Garrett v. Hanson*,
    429 F. Supp. 3d 311, 318, 19 (E.D. Tex. 2019) ...........................................8, 9, 10, 11, 12

*Gray v. Henderson Cnty. Jail*,
    No. 6:09CV406, 2011 WL 806265 (E.D. Tex. Mar. 1, 2011) ........................................13

*Gilbert v. Texas Mental Health & Mental Retardation*,
    888 F. Supp. 775, 777 (N.D. Tex. 1995) .....................................................................2, 3

*Gillham v. Virgin Islands Supreme Ct.*,
    No. 3:22-CV-00611-M-BT, 2022 WL 2975469, at *4 (N.D. Tex. July 11, 2022), report
    and recomm. adopted, 2022 WL 2972605 (N.D. Tex. July 27, 2022) ..............................5

*Goines v. Bonner, et al.*,
    No. 6:23-cv-00086 (E.D. Tex., filed Feb. 14, 2023) .......................................................13

*Harvard Prop. Tr., LLC v. Cardillo*,
    No. 3:10-CV-1844-K, 2011 WL 13233311, at *6 (N.D. Tex. Jan. 24, 2011)....................5

*Haynes v. Turner Bass & Assocs.*,
    No. 4:19cv766, 2020 WL 10353894, at *3 (E.D. Tex. April 9, 2020)..........................8, 9

*Hoffman v. Blaski*,
    363 U.S. 335, 343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960) ............................................7

*Hopson-Lloyd v. Jones*,
    No. 3:18-CV-1285-S-BK, 2018 WL 6421735, at *1 (N.D. Tex. Nov. 7, 2018), report
    and recomm. adopted, 2018 WL 6419956 (N.D. Tex. Dec. 6, 2018) ...............................3

*In re Genentech, Inc.*,
    566 F.3d 1338, 1342 (Fed. Cir. 2009) ..............................................................................11

*In re Radmax, Ltd.*,
    720 F.3d 285, 288, 290 (5th Cir. 2013) .........................................................................7, 9

*In re Volkswagen, AG*,
    371 F.3d 201, 203, 205, 206 (5th Cir. 2004) ("*Volkswagen I*")......................... 7, 10, 12, 13

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304, 312, 313, 315, 316 (5th Cir. 2008) (en banc) ("*Volkswagen II*") .................
    .....................................................................................................................2, 6, 7, 8

*JTH Tax, LLC v. Yong*,
    No. 4:22-CV-01008-O, 2023 WL 5216496, at *2 (N.D. Tex. Aug. 11, 2023) ..................2

*Leroy v. Great W. United Corp.*,
    443 U.S. 173, 183–84, 99 S. Ct. 2710, 61 L.Ed.2d 464 (1979) .......................................2

*Lozada-Leoni v. MoneyGram Int'l, Inc.*,
    No. 5:19cvcv11, 2019 WL 7875058, at *16 (E.D. Tex. Nov. 25, 2019) ..........................9

*Mathers Fam. Tr. ex rel. Mathers v. Cagle*,
    No. 3:13-CV-1035-M, 2013 WL 3455489, at *2 (N.D. Tex. July 8, 2013)....................13

*Nuttall v. Juarez*,
    984 F. Supp. 2d 637, 642 (N.D. Tex. 2013) .....................................................................3

*Piper Aircraft Co. v. Reyno*,
    454 U.S. 235, 241 n. 6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1982)......................................7

*Potter v. Cardinal Health 200, LLC*,
    No. 2:19cv7, 2019 WL 2150923, at *5 (E.D. Tex. May 16, 2019)............................12, 13

*Raburn v. City of Trinidad Sheriff's Office, et al.*,
   6:22-cv-00432 (E.D. Tex., filed Nov. 7, 2022) .................................................................. 13

*Southampton, Ltd. v. Le Norman*,
   No. 3:18-CV-1089-K, 2019 WL 7902959, at *3 (N.D. Tex. Sept. 3, 2019) ................. 3, 5

*Tex. v. Garland*,
   No. 5:23-CV-034-H, 2023 WL 4851893, at *8 (N.D. Tex. July 28, 2023) .................... 10

*Torgerson v. Gregory*,
   No. 6:19-CV-514-JDK-JDL, 2021 WL 245024 (E.D. Tex. Jan. 25, 2021) .................... 13

*Torgerson v. Henderson Cnty.*,
   No. 6:21-CV-390-JDK-JDL, 2022 WL 3691025 (E.D. Tex. Aug. 25, 2022) ................. 13

*Torgerson v. Henderson Cnty. Just. Ctr.*,
   No. 6:19CV514, 2020 WL 8265381, at *1 (E.D. Tex. Dec. 2, 2020), report and
   recommendation adopted sub nom ................................................................................ 13

*Turner v. Tyler Smith Cnty.*,
   No. 3:22-CV-1041-E-BK, 2022 WL 17968955, at *1 (N.D. Tex. May 12, 2022), report
   and recomm. adopted, 2022 WL 17968839 (N.D. Tex. Dec. 27, 2022) ........................... 1

*Utterback v. Trustmark Nat'l Bank*,
   716 F. App'x 241, 244 (5th Cir. 2017) (per curiam) ........................................................ 2

*Watson v. Fieldwood Energy Offshore, LLC*,
   181 F. Supp. 3d 402, 412 (S.D. Tex. 2016) .................................................................... 12

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
   No. 2:17cv456, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018) ............................... 7

*Word to Info, Inc. v. Facebook, Inc.*,
   No. 3:14cv4387, 2015 WL 13870507, at *4 (N.D. Tex. July 23, 2015) ......................... 12

*York v. Henderson Cnty. Jail*,
   No. 6:19CV65, 2020 WL 912772, at *1 (E.D. Tex. Jan. 16, 2020), report and
   recommendation adopted, No. 6:19-CV-00065, 2020 WL 913043 (E.D. Tex. Feb. 25,
   2020) ............................................................................................................................... 13

**RULES**

F ED. R. C IV. P. 4 ........................................................................................................................... 4

F ED. R. C IV. P. 12(b)(3) ..................................................................................................... 1, 2, 4, 6,

F ED. R. C IV. P. 45(a)(2) ......................................................................................................... 9, 10

**STATUTES**

28 U.S.C. § 124 ........................................................................................................................ 1, 3, 8

28 U.S.C. § 1391 ................................................................................................................. 1, 2, 3, 4, 8

28 U.S.C. § 1406(a) ..................................................................................................................... 2, 3

42 U.S.C. § 1983 ............................................................................................................................. 3

**SECONDARY AUTHORITY**

14D W RIGHT & M ILLER, F EDERAL P RACTICE AND P ROCEDURE § 3827 (2020) ............................... 4

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW City of Trinidad, Texas, Defendant in the above-styled and -numbered cause, and files this Motion to Dismiss for Improper Venue Pursuant to Rule 12(b)(3) and Alternative Opposed Motion to Transfer Venue, and would respectfully show unto the Court as follows:

**I.**
**MOTION TO DISMISS FOR IMPROPER VENUE**

*a.  Introduction and Relevant Facts*

Plaintiffs complain that their constitutional rights were violated as a result of being arrested at their home in Trinidad, Henderson County, Texas.  They therefore sued the City of Trinidad and the officer who arrested them.

All of the alleged events giving rise to this litigation occurred in the City of Trinidad, Texas. The City of Trinidad is located in Henderson County, Texas.   No events relating to this litigation occurred in the Western District of Texas.  Despite this fact, Plaintiffs filed this litigation in the Western District of Texas, Waco Division.

The City of Trinidad is located in the Tyler Division of the Eastern District of Texas, which is the proper venue for this action.  28 U.S.C. § 124(c)(1); *see also* https://www.txed.uscourts.gov/court-locator (last visited Feb. 19, 2024).  Therefore, the City of Trinidad respectfully requests that this litigation be dismissed or alternatively transferred to the United States District Court for the Eastern District of Texas, Tyler Division.

*b.  Standard*

"Venue in a civil case is governed by 28 U.S.C. § 1391(b), which aims to place lawsuits in the judicial district most connected to the parties or the events giving rise to the action." *Turner v.*

*Tyler Smith Cnty.*, No. 3:22-CV-1041-E-BK, 2022 WL 17968955, at *1 (N.D. Tex. May 12, 2022), report and recomm. adopted, 2022 WL 17968839 (N.D. Tex. Dec. 27, 2022). Where no specific venue is mandated, the Court follows the general venue statute found in 28 U.S.C. § 1391. *Gilbert v. Texas Mental Health & Mental Retardation*, 888 F. Supp. 775, 777 (N.D. Tex. 1995). Section 1391 provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is not a district in which the action may otherwise be brought.

*Id.* (citing 28 U.S.C. § 1391(b)).

"A party moving to dismiss based on improper venue does so pursuant to Rule 12(b)(3)." *JTH Tax, LLC v. Yong*, No. 4:22-CV-01008-O, 2023 WL 5216496, at *2 (N.D. Tex. Aug. 11, 2023) (citing FED. R. CIV. P. 12(b)(3)); *see also Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). "When a case is filed in the wrong venue, 28 U.S.C. § 1406(a) instructs district courts either to dismiss or, 'if it be in the interest of justice,' to transfer to a district where venue is proper." *Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 244 (5th Cir. 2017) (per curiam). "[V]enue is designed to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Id.* at 244 (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84, 99 S. Ct. 2710, 61 L.Ed.2d 464 (1979)); *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 313 (5th Cir. 2008) (en banc) ("Volkswagen II").

## II.
## ARGUMENT AND AUTHORITIES

### a. Venue is improper in the Western District of Texas.

Plaintiffs attempt to sue the Defendants pursuant to 42 U.S.C. § 1983. (Pls.' Compl. [#1], §§ V-VII, pp. 8-10.) Because 42 U.S.C. § 1983 does not contain a specific venue provision, the Court looks to the general venue statute, 28 U.S.C. § 1391." *Gilbert,* 888 F. Supp. at 777.

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Southampton, Ltd. v. Le Norman,* No. 3:18-CV-1089-K, 2019 WL 7902959, at *3 (N.D. Tex. Sept. 3, 2019). Further, "[o]nce a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper as to each defendant and each claim." *Nuttall v. Juarez*, 984 F. Supp. 2d 637, 642 (N.D. Tex. 2013).

### 1. City of Trinidad is not located in the Western District of Texas.

This is a federal question case, not a diversity case. The City of Trinidad is located in the Tyler Division of the Easten District of Texas, a fact of which the Court may take judicial notice. 28 U.S.C. § 124(c)(1); *see Hopson-Lloyd v. Jones*, No. 3:18-CV-1285-S-BK, 2018 WL 6421735, at *1 (N.D. Tex. Nov. 7, 2018), report and recomm. adopted, 2018 WL 6419956 (N.D. Tex. Dec. 6, 2018) (citing 28 U.S.C. § 124(c)(6) ("The Court takes judicial notice of the fact that Nacogdoches County lies within the boundaries of the Lufkin Division of the Eastern District of Texas. Thus, venue for it is not proper in the United States District Court for the Northern District of Texas.").

Plaintiffs allege that Defendant Ryan Cate resides in the Western District of Texas. 28 U.S.C. § 1391(c)(2) provides that "an entity with the capacity to sue and be sued in its common

name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." "'If venue is proper for some defendants but improper for others, the district court has wide discretion,' including 'retain[ing] the case as to those defendants who have been properly sued there and sever and transfer the portion of the case for those defendants for whom venue is improper or dismiss the action as to those defendants.'" *Earl v. Hansen*, No. CV 1:20-3907-BHH-SVH, 2020 WL 6689161, at *3 (D.S.C. Nov. 12, 2020) (quoting 14D Wright & Miller, FED. PRACTICE & PROC., § 3827 (2020)); *see also Celsion Corp. v. Stearns Mgmt. Corp.*, No. CIV. CCB 00-1214, 2001 WL 55456, at *4 (D. Md. Jan. 18, 2001) ("Where venue is appropriate as to some defendants but not others, courts prefer a transfer to an appropriate venue over severance of the case.")

Here the Court has discretion to either dismiss this case pursuant to Rule 12(b)(3) or transfer the case to the Tyler Division of the Eastern District of Texas. All the events giving rise to this litigation occurred in the Eastern District of Texas. Upon information and belief, Plaintiffs reside in the Eastern District of Texas. Therefore, personal jurisdiction lies with the Tyler Division of the Eastern District of Texas. FED R. CIV. P. 4. Therefore, this factor weighs heavily in favor of the Court exercising its discretion to dismiss this litigation.

### 2. All of the events of which Plaintiffs complain occurred in City of Trinidad.

In determining the location where the events giving rise to the claim occurred, "the selected district's contacts must . . . be substantial. Substantiality is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute." *Southampton, Ltd. v. Le Norman*, No. 3:18-CV-1089-K, 2019 WL 7902959, at *5 (N.D. Tex. Sept. 3, 2019). To determine "whether or not venue is proper, the Court looks to the

defendant's conduct . . . and where that conduct took place." *Gillham v. Virgin Islands Supreme Ct.*, No. 3:22-CV-00611-M-BT, 2022 WL 2975469, at *4 (N.D. Tex. July 11, 2022), report and recomm. adopted, 2022 WL 2972605 (N.D. Tex. July 27, 2022) (internal citations omitted).

Here, Plaintiffs complain only of events which allegedly took place on April 6, 2022, within the city limits of Trinidad, Henderson County, Texas. (Pls.' Compl. [#1], §§ V-VII, pp. 8-10.) As mentioned above, the City of Trinidad is located in the Tyler Division of the Eastern District of Texas. Therefore, the venue is proper in the Tyler Division of the Eastern District of Texas.

### 3. The suit may otherwise be brought in the Tyler Division of the Eastern District of Texas.

Here, the Court can determine venue by looking to the first two subparts of the test and need not consider the third subpart. *Harvard Prop. Tr., LLC v. Cardillo*, No. 3:10-CV-1844-K, 2011 WL 13233311, at *6 (N.D. Tex. Jan. 24, 2011) ("If neither of the preceding [subparts] apply, [then venue is] wherever the defendant may be found.").

### b. Conclusion

In sum, Plaintiffs' Complaint clearly shows that all of the events giving rise to this litigation occurred in the Tyler Division of the Eastern District of Texas. All of the evidence and the vast majority of the witnesses relating to the claims and defenses in this litigation are located in the Tyler Division of the Eastern District of Texas. Therefore, City of Trinidad respectfully requests that this Court dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(3).

## III.
## ALTERNATIVE MOTION TO TRANSFER VENUE

### a. Standard - 28 U.S.C. § 1404(a) - Transfer for Convenience

Alternatively, 28 U.S.C. § 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A court may transfer a case pursuant to § 1404(a) sua sponte. *De La Rosa v. Gardner Glob. Logistics, Inc.*, No. 3:21-CV-341-K, 2021 WL 3912801, at *2 (N.D. Tex. Sept. 1, 2021). The party seeking transfer of venue has the burden to show that good cause exists for the transfer. *Volkswagen II*, 545 F.3d at 315.

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Id*. at 312. If so, "[t]he determination of 'convenience' turns on a number of the public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Gaur. Co.*, 358 F.3d 337, 340 (5th Cir. 2004).

The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that will make trial of a case easy, expeditious and inexpensive." *In re Volkswagen, AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n. 6, 102 S. Ct. 252, 70 L. Ed. 2d 419 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. Courts evaluate these factors based on "the situation which existed when suit was instituted." *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S. Ct. 1084, 4 L. Ed. 2d 1254 (1960).

The aforementioned factors apply to both inter-district and intra-district transfers. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). "[W]hile a plaintiff has the privilege of filing his claims in any judicial division appropriate under the general venue statutes, § 1404(a) tempers the effects of the exercise of this privilege." *Volkswagen II*, 545 F.3d at 313. Finally, a court may "consider undisputed facts outside the pleadings" while drawing reasonable inferences and resolving factual conflicts in favor of the non-moving party. *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17cv456, 2018 WL 4620636, at *2 (E.D. Tex. May 22, 2018).

### b.  *The Court should transfer the case to the Tyler Division of the Eastern District because it is more convenient.*

Even when venue is proper, a district court may transfer a civil action to another district or division if (1) the plaintiff could have brought that action there originally and (2) the transfer would be for "the convenience of parties and witnesses, in the interest of justice." *DDC Tech., LLC v. Google LLC*, No. 3:22-CV-1263-B, 2023 WL 2518846, at *3 (N.D. Tex. Mar. 14, 2023); 28 U.S.C. § 1404(a).

#### 1. The threshold inquiry is clearly met.

"In making its determination, the Court [first] looks to whether the transferee district is one that could have been 'the original forum.'" *De La Rosa*, 2021 WL 3912801, at *3. "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b).

The threshold inquiry is clearly met in this case.  Each of the events of which Plaintiffs complain occurred in the City of Trinidad.  As noted above, the City of Trinidad, Henderson County, Texas, is located in the Tyler Division of the Eastern District of Texas. 28 U.S.C. § 124(c)(1).  This action could – and *should* – have been brought in the Tyler court.

### 2. The relative ease of access to sources of proof weighs in favor of transfer.

"When considering the relative ease of access to sources of proof, a court looks to where documentary evidence, such as documents and physical evidence, are stored." *Garrett v. Hanson,* 429 F. Supp. 3d 311*,* 318 (E.D. Tex. 2019). "This factor is still a relevant part of the transfer analysis despite technological advances that have been made transporting large volumes of documents across the country more convenient." *Haynes v. Turner Bass & Assocs.*, No. 4:19cv766, 2020 WL 10353894, at *3 (E.D. Tex. April 9, 2020) (citing *Volkswagen II*, 545 F.3d at 316).

In the present case, it is believed that **_all_** the relevant evidence is located in the City of Trinidad – which is in the Eastern District of Texas. The City of Trinidad is located approximately 51 miles away from Tyler and approximately 80 miles away from Waco.

Therefore, litigating this case in the Tyler Division would inarguably result in more convenient access to the sources of proof. This factor clearly weighs in favor of transfer. *See*, *e.g.*, *Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 5:19cv11, 2019 WL 7875058, at *16 (E.D. Tex. Nov. 25, 2019) (citing *In re Radmax, Ltd*., 720 F.3d 285, 290 (5th Cir. 2013) ("The Fifth Circuit found the relative ease of access to sources of proof weighed in favor of transfer because all of the documents and physical evidence [were] located in the Tyler Division.")) (internal quotation marks and citation omitted).

### 3. The availability of compulsory process weighs in favor of transfer.

"The second private interest factor instructs the Court to consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose

attendance may need to be secured by a court order." *Garrett*, 429 F. Supp. 3d at 318. Subpoenas are governed by Federal Rule of Civil Procedure 45. *Id.*

"For purposes of § 1404(a), there are three important parts to Rule 45." *Id*. First, Rule 45 gives the Court "subpoena power over witnesses that live or work within 100 miles of the courthouse." *Id*. Second, the Court "has subpoena power over residents of the state in which the district court sits – a party or a party's officer can be compelled to attend trial, and non-party residents can be similarly compelled as long as their attendance would not result in 'substantial expense.'" *Haynes*, 2020 WL 10353894, at *3 (quoting *Garrett* 429 F. Supp. 3d at 318). "Third, [the Court has the] power to compel a nonparty's attendance at a deposition within 100 miles of where the witness lives or works." *Id*. (quoting *Garrett*, 429 F. Supp. 3d at 318).

As mentioned above, all of the alleged events about which Plaintiffs complain occurred in the City of Trinidad. Plaintiffs complain that their constitutional rights were violated by policies, customs, and practices of the City of Trinidad. They complain of a former City of Trinidad employee who they allege now lives a few miles inside of the Western District of Texas. Upon information and belief, all other potential witnesses who have knowledge of the City of Trinidad's policies, customs, and practices are located in the City of Trinidad.

The vast majority of witnesses and evidence – not to mention the location where these events arose – are located over thirty miles further away from the federal courthouse in Waco than from the federal courthouse in Tyler. Traveling to Waco from Trinidad will result in greater fuel costs, increased travel time for City employees and the attendant expenditure of taxpayer funds for overtime pay, fuel costs, and additional use of the City's vehicles. FED. R. CIV. P. 45(a)(2), (c)(1). Compelling attendance of witnesses in Waco would result in significantly greater expense. *See, e.g.*, *Tex. v. Garland*, No. 5:23-CV-034-H, 2023 WL 4851893, at *8 (N.D. Tex. July 28, 2023)

("Lubbock is 'considerably less expensive to visit than Austin and Washington, D.C. for many reasons.'").

Further, "[a]dditional distance means additional travel time…[which] increases the time which these fact witnesses must be away from their regular employment." *Volkswagen I*, 371 F.3d at 205. Here, the witnesses are all public servants who are charged with enforcing laws and other public services in the City of Trinidad. Requiring them to be eighty miles away from their posts will pose a significant staffing burden on the City of Trinidad and its taxpayers. This factor therefore weighs heavily in favor of transfer.

### 4. Transfer would significantly reduce the costs of attendance of willing witnesses.

"The convenience of the witnesses is probably the single most important factor in a transfer analysis." *Garrett*, 429 F. Supp. 3d at 319 (quoting *In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009)). In weighing this factor, courts should consider all potential material and relevant witnesses. *Alacritech, Inc. v. CenturyLink, Inc.*, No. 2:16cv693, 2017 WL 4155236, at *5 (E.D. Tex. Sept. 19, 2017).

Here, the vast majority of the witnesses and practically all of the evidence are located in the Tyler Division of the Eastern District of Texas. Litigating this case in the Waco Division would multiply travel costs, greatly increase the time necessary for the Parties to travel, and exponentially increase the amount of taxpayer funds that will be dedicated to the City's defense.

Further, Plaintiffs' suit against the City of Trinidad concerns employment policies, customs, and practices. Witnesses may include the Chief of Police, City Manager, Mayor, and other law enforcement personnel who must be present at depositions, hearings, and the trial. Conducting this litigation in the Tyler Division will allow these officials to be closer to the citizens they serve and facilitate the execution of their duties while simultaneously defending themselves

from Plaintiffs' claims. Therefore, this factor weighs heavily in favor of transfer to the Tyler Division of the Eastern District.

### 5. All other practical concerns weigh in favor of transfer.

"Practical problems include those that are rationally based on judicial economy. Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor of transfer." *Garrett*, 429 F. Supp. 3d at 319. Based on Plaintiffs' allegations, the events giving rise to any potential causes of action would have occurred in the Tyler Division of the Eastern District. Therefore, there is a significant risk that duplicative suits would create practical difficulties in the future.

Such a potential problem could easily be avoided by transferring this litigation to the Tyler Division. Therefore, this factor weighs in favor of transfer.

### 6. The public factors, by and large, weigh in favor of transfer.

As mentioned above, the public factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id*. In this case, no public factor weighs in favor of the case being retained in the Western District of Texas.

The local interest of having localized interests decided at home weighs heavily in favor of transfer. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14cv4387, 2015 WL 13870507, at *4 (N.D. Tex. July 23, 2015).

"The Court must consider local interest in the litigation because '[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the

litigation.'" *Potter v. Cardinal Health 200, LLC*, No. 2:19cv7, 2019 WL 2150923, at *5 (E.D. Tex. May 16, 2019) (quoting *Volkswagen I*, 371 F.3d at 206). Further, "[t]he place of the alleged wrong is one of the most important factors in venue determinations." *Watson v. Fieldwood Energy Offshore, LLC*, 181 F. Supp. 3d 402, 412 (S.D. Tex. 2016).

It is all but inarguable that the greater local interest lies in the Tyler Division of the Eastern District of Texas. While both divisions can properly apply the law of the case, the Tyler Division has a familiarity with the Parties and subject matter.

A review of the Tyler Division's docket will show that the Court has previously adjudicated at least one matter in which the City of Trinidad was a defendant. *See*, *Glenn v. Mills*, No. 6:07cv252. The Tyler Division has rendered numerous decisions and has years of precedent dealing with similar issues raised in Plaintiffs' Complaint.

Viewed as a whole, it is clear that there is absolutely no connection – local or otherwise – between this litigation and the Western District of Texas aside from Plaintiffs' allegation that a single Defendant lives only a few miles inside the Leon County line. From the face of Plaintiffs' Complaint, it is obvious that (1) the alleged events of which Plaintiffs complain occurred within the Tyler Division of the Eastern District of Texas; (2) potential jurors in the Western District do not have any relation to this litigation; and (3) there is absolutely no factual connection between the Western District of Texas and this litigation.

On the other hand, potential jurors in the Tyler Division of the Easten District of Texas would be drawn from the locality. The residents of the Tyler Division have a vested interest in the outcome of this litigation, and it is therefore proper to impose upon them the burden of deciding the issues in this litigation. *See, e.g.*, *Potter*, 2019 WL 2150923, at *5; *Volkswagen I*, 371 F.3d at

206. Therefore, good cause exists to transfer this litigation to the Tyler Division of the Eastern District.

## IV.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, City of Trinidad respectfully requests that the Court grant its Motion to Dismiss. Alternatively, City of Trinidad respectfully requests that the Court transfer venue to the United States District Court for the Eastern District of Texas, Tyler Division. City of Trinidad also respectfully requests any and all other relief, at law or in equity, to which it has shown itself to be justly entitled.

Respectfully submitted,

*/s/ David Iglesias*
**David Iglesias**
State Bar No. 24051733
david@iglesiaslawfirm.com
Lead Counsel

**IGLESIAS LAW FIRM, PLLC**
605 Chase Drive, Suite 8
Tyler, Texas 75701
Telephone: (903) 944-7185
Facsimile: (903) 630-5338

*Dallas Office:*
1412 Main Street, Suite 608
Dallas, Texas 75202

**COUNSEL FOR DEFENDANT**
**CITY OF TRINIDAD, TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2024, a copy of the foregoing was transmitted to all counsel of record in the above-referenced and -numbered action via the Court's electronic filing system, and electronic mail.

/s/ David Iglesias
David Iglesias

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 15, 2024, the undersigned conferred with Plaintiffs' counsel regarding this Motion to Transfer Venue. Plaintiffs are opposed to the relief requested herein.

/s/ David Iglesias
David Iglesias