IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRIAN THOMPSON and <br> SHEILA THOMPSON, <br><br> *Plaintiffs*, <br><br> v. <br><br> RYAN CATE and the <br> CITY of TRINIDAD, TEXAS, <br><br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 6:24-cv-67 <br> § <br> § <br> § <br> § <br> § <br> § |

**PLAINTIFF'S RESPONSE TO THE CITY OF TRINIDAD'S MOTION TO DISMISS FOR IMPROPER VENUE AND ALTERNATIVE MOTION TO TRANSFER**

Plaintiffs Brian and Sheila Thompson file this Response to the City of Trinidad's Motion to Dismiss for Improper Venue and Alternative Motion to Transfer, and would respectfully show the Court the following:

## I. SUMMARY OF THE ARGUMENT

Under clear Supreme Court precedent, a case cannot be dismissed under 12(b)(3) unless venue is improper. Here, the Waco Division of the Western District is obviously a proper venue under § 1391, since Defendant Cate resides inside its jurisdiction. Furthermore, a Plaintiff's choice of forum "should rarely be disturbed," and should only be denied where the chosen forum constitutes "oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."[1] Here, the alleged "oppressiveness and vexation"

---

[1] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).

amounts to little more than an extra twenty-five minutes in travel time to the chosen venue for one party. This Court is no far-flung destination for the City of Trinidad; in fact, it is right next door. The nominal extra distance is simply not enough to disturb the Plaintiffs' choice of venue, especially when transferring the case to allow the City to be "at home" would displace the other defendant from his "at home" venue.

The City only makes vague and conclusory assertions as to how it will be inconvenienced by litigating the case in Waco; instead, it appears to have filed this because it believes it would have some strategic advantage in Tyler. The City's counsel, who also represents Henderson County in other matters, filed a nearly identical motion in another case with a similarly tiny difference in distance to potential venues.[2] In that case, the Court has yet to officially rule on the motion, but did set a trial date and instituted a scheduling order, strongly suggesting that it would not be transferring the case to Tyler.[3]

Additionally, while the Waco Division is undeniably very busy, it has not demonstrated (nor does the City allege) that it has "administrative or legal problems" that prevent it from maintaining its docket. On the other hand, Plaintiff's counsel currently represents other plaintiffs in three cases pending at the Tyler Division of the Eastern District of Texas. All three have involved substantial, unwarranted delays, indicating that that Court is overloaded with cases relative to its available resources. This is not meant to disparage the judges or staff of the Tyler Division in any way; nonetheless, that court appears to be suffering from excessive caseload congestion, weighing against transferring this case there.

---

[2] *See Albritton v. Henderson County et al.*, Civ. Act. No. 3:23-cv-1723 (pending in the Northern District of Texas, Dallas Division), Doc. 7.
[3] *Id.* at Doc. 37.

2

## II. VENUE IS PROPER UNDER 28 U.S.C. § 1391

First and foremost, the Supreme Court has held in *Atlantic Marine Construction Company v. U.S. District Court* that a case may only be dismissed entirely under Rule 12(b)(3) and 28 U.S.C. § 1406(a) when the venue is "wrong" or "improper."[4] It further stated, "[w]hether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws."[5]

As the City of Trinidad admits in its brief, Plaintiffs have alleged that Defendant Ryan Cate (who is the primary Defendant in this case) resides in the Western District of Texas, and more specifically, the Waco Division (Oakwood, Texas).[6] The Court must accept as true all of the allegations in Plaintiff's complaint and resolve all factual conflicts in Plaintiff's favor.[7] The City of Trinidad, of course, is a political subdivision of the State of Texas. Thus, venue in this Court is proper under § 1391(b)(1) because it is a judicial district in which one of the Defendants resides, and all Defendants reside in Texas.[8] Therefore, dismissal of this case under Rule 12(b)(3) would be improper under clear Supreme Court precedent. The City's Motion to dismiss the case on these grounds is frivolous.

## III. PLAINTIFF'S CHOICE OF VENUE SHOULD STAND BECAUSE THE CITY OF TRINIDAD'S PREFERRED VENUE IS NOT "CLEARLY MORE CONVENIENT"

The City alternatively moves to transfer this case to the Tyler Division of the Eastern District of Texas. Plaintiff does not dispute that the case could have been originally filed in that court.

As noted above, a Plaintiff's choice of forum "should rarely be disturbed," and generally

---

[4] *Atl. Marine Constr. Co. v. U.S. Dist. Court*, 571 U.S. 49, 55 (2013).
[5] *Id.*
[6] Def.'s Motion at 3; Pl.'s Comp. at ¶¶ 5, 8.
[7] *Ambraco Inc. v. Bossclip B V*, 570 F.3d 233, 237–38 (5th Cir. 2009).
[8] 28 U.S.C. § 1391(b)(1).

will only be denied where the chosen forum constitutes "oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems."[9] Under 28 U.S.C. § 1404(a), a case should only be transferred if the destination venue is "clearly more convenient than the venue chosen by the plaintiff."[10] The Fifth Circuit recently observed, **"When a defendant is haled into court, some inconvenience is expected and acceptable. Assuming that jurisdiction exists and venue is proper, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer."**[11] The factors to consider in making this determination are well known:

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.
>
> The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.[12]

Again, once these factors are considered, a transfer is only justified if they weigh *clearly* in favor of the alternative forum; a slight preference for the requested transfer will not suffice.

### A. Private interest factors weigh against transfer.

The City's argument primarily relies on the third and fourth "private interest" factors and consists of little more than pointing to the slightly longer distance from Trinidad to Waco, compared to Tyler. This assertion of "inconvenience" is about as mild as it could be; the travel

---

[9] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981).
[10] *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (citing *In re Volkswagen*, 545 F.3d 304, 315 (5th Cir. 2008).
[11] *Defense Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022).
[12] *Planned Parenthood*, 52 F.4th at 630.

time from Trinidad, Texas to Waco is approximately 1 hour and 22 minutes, according to Google Maps. Google Maps lists the travel time from Trinidad to Tyler as approximately 57 minutes. Saving twenty-five minutes in drive time is not so "clearly more convenient" that a plaintiff's choice of forum should be overruled. Moreover, the City has the burden of "clearly demonstrating" specifically how it will be inconvenienced by the chosen forum, by pointing to non-conclusory facts.[13]

Here, the City only vaguely suggests that "Witnesses may include the Chief of Police, City Manager, Mayor, and other law enforcement personnel who must be present at depositions, hearings, and the trial," and that travelling the short extra distance to Waco, as opposed to Tyler, will somehow make it easier for them to execute their public duties in Trinidad.[14] This is not only vague but grossly overstated. While the Chief of Police will be a necessary witness, it is highly unlikely that any other City officials will be required to testify about the Chief's decision to hire Cate. Depositions do not typically (or necessarily) take place in the forum city; rather, they will almost certainly occur at the office of the City's counsel, which is in Tyler, regardless of the case's venue. No other Trinidad law enforcement personnel were involved in this matter, and in fact, it is believed that Trinidad's entire police department consisted of only the Chief and Cate at the time of this incident. Similarly, witnesses and parties are not required to attend court hearings, which may or may not even occur. In short, the City has not shown how the short extra distance to Waco will noticeably impact the Chief's ability to carry out his duties in Trinidad. At the same time, any alleged extra travel cost amounts to a couple gallons of gasoline, which is almost

---

[13] *Defense Distributed*, 30 F.4th at 434 (District court abused its discretion by weighing conclusory assertions in favor of movant; "To show good cause . . . means that a moving party . . . clearly demonstrates the appropriateness of transfer. Where there is no demonstration by the movant, let alone a clear one, the court cannot weigh a factor against the non-movant and in favor of transfer.").
[14] Def.'s Motion at 10.

certainly substantially less than the attorney fees paid by the City to file this Motion. This Court has recently recognized that "when willing witnesses will have to travel a significant distance to either forum, the slight inconvenience of one forum in comparison to the other should not weigh heavily on the outcome of this factor."[15]

Meanwhile, Ryan Cate—the primary Defendant—resides in this district. As noted above, the Chief is the only witness from the City of Trinidad expected to play a role in this case. As such, private factors (3) and (4) ("the cost of attendance for willing witnesses" and "all other practical problems that make trial of a case easy, expeditious and inexpensive") weigh in favor of keeping the case in Dallas or are, at worst, neutral. Notably, in *Planned Parenthood*, the Fifth Circuit affirmed a district court's denial of a motion to transfer a case from Amarillo to Austin, even though none of the witnesses resided in Amarillo, but some of them resided in Austin.[16]

The first private interest factor—relative ease of access to sources of proof—carries little to no weight in this case, because all of the evidence is electronically transmittable (documents and video recordings) rather than physical, and therefore can be accessed equally easily from either forum.[17] Likewise, Trinidad is approximately 80 miles from Waco, so witnesses residing there are well within the compulsory subpoena power of this Court. Thus, these factors weigh against transfer.

### B. Public interest factors also weigh against transfer.

The only public interest factor cited by the County is the interest of having local issues decided at home. However, the County is the only Defendant that is "at home" in the Tyler Division. Defendant Cate is "at home" in the Waco Division of the Western District, so a transfer

---

[15] *Bright Capture LLC v. Zoho Corp.*, 2023 U.S. Dist. LEXIS 124982 at *5 (W.D. Tex. June 8, 2023).
[16] *Planned Parenthood*, 52 F.4th at 631.
[17] *Planned Parenthood*, 52 F.4th at 630 (finding that because the vast majority of evidence was electronic, this factor weighed against transfer; "[t]he location of evidence bears much more strongly on the transfer analysis when, as in *Volkswagen*, the evidence is physical in nature.").

to accommodate the City for this reason would only create an identical issue for Cate. Further, as noted above in describing the relative distance of the potential forums, Tyler is only slightly closer to Trinidad than Waco. Trinidad (population 860) is only a miniscule fraction of the total population served by the Tyler Division, so it is unlikely to be significantly represented—if it is represented at all—in a potential jury pool. The City has not made any specific showing to support an argument that the citizens of the Tyler Division generally—which sits in Smith County and includes many other neighboring counties—have a stronger vested interest in the operation of the Trinidad Police Department than do the citizens of the Waco Division, which directly borders Henderson County.

Additionally, the first public factor—administrative difficulties flowing from court congestion—weighs against transfer to the Eastern District Tyler Division. Plaintiff's counsel is careful to point out that the following observations are not intended to disparage the judges or staff of the Tyler Division in any way, and at the same time, recognizes that many federal courts—including this one—are burdened with enormous caseloads and unquestionably in need of additional resources. Nonetheless, recent experience in the Tyler Division suggests that it is currently having difficulty avoiding litigation delays. In each of three separate cases in which plaintiffs are represented by the undersigned counsel—and with Henderson County and/or its employees as defendants—plaintiffs have suffered extended delays in receiving rulings or orders from the court on relatively straightforward matters.

- In *Raburn v. Henderson County Sheriff's Office, et al.*, a previously *pro se* plaintiff moved for leave to amend his complaint after securing representation by the undersigned counsel. The amended complaint added new defendants, dismissed two previously named defendants, and clarified the allegations, while no motions to dismiss were pending. In the

view of the undersigned, this was a straightforward and uncontroversial motion. However, that motion was filed on May 22, 2023, and was not granted until December 14, 2023—nearly **seven months** later—and only then after Plaintiff's counsel emailed a staff attorney at the Court with concerns about statute-of-limitations issues.[18] Now, nearly three more weeks have come and gone while the parties wait for the Court to institute a new scheduling order.[19]

- In *Frosch v. Alsobrook, et al.*, the plaintiff filed a motion to compel addressing only a single interrogatory response on February 3, 2023. The Court never ruled on that motion, forcing the parties to extend discovery deadlines. Ultimately, the defendant withdrew his opposition to the motion on September 15, 2023, more than seven months after the motion was filed.[20]

- In *Goines v. Bonner, et al.*, the Court recently took nearly two months after the defendants' appearance to order an initial scheduling conference, something that generally occurs within days of the last parties' initial appearances.[21]

Delays such as these are inherently harmful to any plaintiff. Indeed, this is one of the primary reasons Plaintiffs chose the Waco Division as the forum in this case over the Eastern District—Tyler Division. Therefore, the first public interest factor weighs heavily against transfer to Tyler.

The third and fourth public interest factors are inapplicable here: the Waco Division is just as familiar as the Tyler Division with the law that will govern the case, and there are no issues of conflict of laws or the application of foreign law. Therefore, taken together, the public interest

---

[18] *See Raburn v. Henderson County Sheriff's Office, et al.*, Case No. 6:22-cv-432, Docs. 49–52, 54, 56.
[19] *Id.*, Doc. 64 (filed February 6).
[20] *Frosch v. Alsobrook, et al.*, Case No. 6:22-cv-236; *see* Docs. 28, 68–69.
[21] *Goines v. Bonner, et al.* Case No. 6:23-cv-86; *see* Docs. 4–5.

factors weigh against transfer to Tyler.

## IV. CONCLUSION

The tiny difference in distance between Trinidad and the the two potential venues for this case—Waco and Tyler—is simply not enough to justify overruling Plaintiff's choice of forum. Any complaint by the City of Trinidad that it is more "at home" in Tyler is offset by Cate being "at home" in Waco. Further, delays caused by congestion in the Tyler Division weigh against transferring this case there. Overall, the burden is on the City to show that the destination venue is "clearly more convenient than the venue chosen by the plaintiff."[22]  Moreover, **"some inconvenience is expected and acceptable. Assuming that jurisdiction exists and venue is proper, the fact that litigating would be more convenient for the defendant elsewhere is not enough to justify transfer."**[23]  Thus, the City must point to specific, non-conclusory reasons that the Tyler Division would be significantly more convenient than the Waco Division. The City has failed to meet its burden; its Motion should be denied in full.

Respectfully submitted,

/s/ *Roger Topham*
Roger Topham
State Bar #24100557
13809 Research Blvd. Suite 500
Austin, Texas 78750
(512) 987-7818
rt@tophamlaw.com

***Attorney for Plaintiff***

---

[22] *Planned Parenthood*, 52 F.4th at 630.
[23] *Defense Distributed*, 30 F.4th at 433.

9

## **CERTIFICATE OF SERVICE**

I certify that this document was served on counsel for the City of Trinidad through the Court's ECF system, in accordance with the Federal Rules of Civil Procedure, on February 26, 2024. Because Defendant Cate has yet t o appear in this case, a copy of this filing will be mailed to him at his place of employment in Oakwood, Texas.

                                          /s/ *Roger Topham*
                                          Roger Topham