Case 6:24-cv-00067-ADA-DTG   Document 7   Filed 03/01/24   Page 1 of 7

FILED
March 01, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY:_____lad_____
DEPUTY

IN THE UNITED STATE DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRIAN THOMPSON AND § <br> SHEILA THOMPSON § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> CITY OF TRINIDAD TEXAS, § <br> And RYAN CATE § <br> § <br> Defendants § | Civil Action No. 6:2024-cv-00067 |

### DEFENDANT RYAN CATE'S ORIGINAL ANSWER
### TO PLAINTIFFS' ORIGINAL COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Ryan Cate ("Cate") files his Original Answer to Plaintiff's Original Complaint.

### INTRODUTORY ALLEGATIONS

1. Cate contests and denies all allegations statement in paragraph 1.

2. Cate does contests and denies all statements in paragraph 2 that purport to be allegations, otherwise, Cate does not contest statements in paragraph 2.

3. Cate does not contest statements in paragraph 3.

4. Cate does not contest statements in paragraph 4.

5. Cate does not contest statements in paragraph 5.

6. Cate does not contest statements in paragraph 6.

### JURISDICTION AND VENUE

7. Cate does not contest the jurisdiction statement in paragraph 7. Cate does not contest the personal jurisdiction in paragraph 8 and acknowledge the requirements under 28 U.S.C. § 1331 and 1343(4)

8. Cate does not contest venue in paragraph 8 and acknowledge the requirements under 28 U.S.C. § 1391. Cate admits he is a resident of Denton County, Texas.

### 9. FACTUAL ALLEGATIONS

10. Cate completely denies the allegations in paragraph 9 and demands strict proof thereof.

11. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10. Cate further denies all allegations contained in paragraph 10 and demands strict proof thereof.

12. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11. Cate further denies all allegations contained in paragraph 11 and demands strict proof thereof.

13. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12. Cate further denies all allegations contained in paragraph 12 and demands strict proof thereof.

14. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13 and demands strict proof thereof.

15. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14. Cate further denies all allegations contained in paragraph 14 and demands strict proof thereof.

16. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 15.

17. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16. Cate further denies all allegations contained in paragraph 16 and demands strict proof thereof.

18. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17. Cate further denies all allegations contained in paragraph 17 and demands strict proof thereof. Cate admits that Sheila Thompson is smaller in stature and weight than Cate.

19. Cate admits that both Brian Thompson and Sheila Thompson were arrested. Otherwise, Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18.

20. Cate admits to the recitation of the law in paragraph 19.

21. Cate admits to the recitation of the law in paragraph 20.

22. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21. Cate further denies all allegations contained in paragraph 21 and demands strict proof thereof.

23. Cate denies the allegations in paragraph 18 and demands strict proof thereof.

24. Cate admits the first sentence in paragraph 19 and denies the rest and demands strict proof thereof.

25. Cate denies the allegations in paragraph 20 and demands strict proof thereof.

26. Cate admits the first three sentences in paragraph 21 and denies the rest and demands strict proof thereof.

## CAUSES OF ACTION

27. Cate admits to the recitation of his employment history in paragraph 28, but denies all allegations as to the reasons for any departures from any department and demands strict proof thereof.

28. 22. Cate further denies all allegations contained in paragraph 22 and demands strict proof thereof.

29. Cate admits the facts of paragraph 23.

30. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24.

31. Cate admits to arriving as a backup. Cate denies the rest of the allegations in paragraph 25 and demands strict proof thereof.

32. Cate admits that Devon Gordan used his phone to film. Cate denies the rest of allegations in paragraph 26 and demands strict proof thereof.

33. Cate admits that Devon Gordan was arrested for interference with public duties. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27.

34. Cate admits to the recitation of his employment history in paragraph 28 but denies all allegations as to the reasons for any departures from any department and demands strict proof thereof.

35. Cate admits to the recitation of his employment history in paragraph 29 but denies all allegations as to the reasons for any departures from any department and demands strict proof thereof.

36. Cate admits to the event of September 2022 recited in paragraph 30 but denies the entire context in which it is presented in the paragraph. Cate denies that he left Trinidad because of the event recited in paragraph 30, rather he left Trinidad for a promotion.

37. Cate admits to the substance of paragraph 31, except that there was not a sustained complaint for trespassing.

38. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32.

39. Cate was actually hired by Oakwood Police Department before leaving Trinidad, contrary to the allegations in paragraph 33.

40. Cate admits to paragraph 34.

41. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35.

42. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36.

43. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37.

44. Cate does contest paragraph 38.

45. Cate admits to paragraph 39.

46. Cate admits to paragraph 40.

47. Cate admits that Thompson was inside his own house and was unarmed, as described in paragraph 41. Cate denies the entirety of the remainder of paragraph 41 and demands strict proof thereof.

48. Cate denies the entirety of paragraph 42 and demands strict proof thereof.

49. Cate denies the entirety of paragraph 43 and demands strict proof thereof.

50. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44.

51. Cate does not contest paragraph 45.

52. Cate admits paragraph 46.

53. Cate admits paragraph 47.

54. Cate admits paragraph 48.

55. Cate admits paragraph 49.

56. Cate admits paragraph 50.

57. Cate denies the entirety of paragraph 51 and demands strict proof thereof.

58. Cate denies the entirety of paragraph 52 and demands strict proof thereof.

59. Cate does not contest paragraph 53.

60. Cate admits to paragraph 54.

61. Cate lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55.

62. Cate denies being any cause of serious damages as alleged in paragraph 56 but acknowledges that Plaintiffs are asking for damages.

63. Cate acknowledges that Plaintiffs are asking for damages and will rely on this demand.

64. Cate denies the relief requested and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

65. On the date of the incident made the basis of this lawsuit, Cate was in the course and scope of employment with the Trinidad Police Department. Cate affirmatively asserts he is entitled to governmental, official, or qualified immunity.

66. To the extent Plaintiff asserts any state law claims, Cate is entitled to absolute, individual, official or qualified immunity under TEXAS CIVIL PRACTICE & REMEDIES CODE §83.001; §101.026; §101.055 (2) & (3); §101.056; 101.057(2) and §101.106(a) – (f).

67. Cate affirmatively asserts that Plaintiff cannot establish a cause of action against him based on the existence of an officially adopted policy or an established custom of the Trinidad Police Department that causes injury and a causal connection between the policy or custom and the deprivation of a constitutional right.

68. Cate affirmatively asserts that the actions he took were discretionary actions made in the field.

69. Cate affirmatively asserts that any actions concerning Plaintiff have at all times been reasonable, taken in good faith, investigated and corrective steps taken.

**DEFENDANT CATE'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

WHEREFORE, Defendant Cate requests that Plaintiffs' Original Complaint and Complaint be dismissed with prejudice and that Plaintiff takes nothing.

## CERTIFICATE OF SERVICE

This is to certify that on March 1, 2024, a copy of this document was served via the Court's ECF filing system or by certified mail, return receipt requested upon Plaintiffs.

Ryan Cate, Pro Se
Defendant

539 N. Granger
Oakwood, TX 75855
Notices should be sent to this address only.