IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BRIAN THOMPSON and<br>SHEILA THOMPSON,<br><br>*Plaintiffs*,<br><br>v.<br><br>RYAN CATE and the<br>CITY of TRINIDAD, TEXAS,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 6:24-cv-67<br>§<br>§<br>§<br>§<br>§<br>§ |

# PLAINTIFFS' PARTIALLY OPPOSED MOTION FOR AN ORDER FOR A RULE 26(F) CONFERENCE

Plaintiffs Brian and Sheila Thompson file this Partially Opposed Motion for an Order for a Rule 26(f) Conference and would respectfully show the Court the following:

This lawsuit was filed on February 1, 2024. Both Defendants were served on February 12 [Doc. 14–15]. By March 1, all Defendants had made an appearance in the case. Rule 16(b)(2) directs a district court to enter a scheduling order "as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."[1] Therefore, barring good cause for delay, Rule 16 would have set the deadline for entry of a scheduling order as April 30, at the latest. As of the date of this filing, it has been 105 days since the last Defendant made his appearance. However, the Court has not yet issued an order for a Rule 26(f) conference.

---

[1] FED. R. CIV. P. 16(b)(2).

As to the question of whether there is good cause for delay, none of the Parties have ever moved to stay proceedings or offered any reason why discovery should not commence in this case. The only pending motion is the City's 12(b)(3) Motion to Dismiss, and in the alternative, Motion to Transfer Venue [Doc. 4]. However, "Filing a Rule 12(b)(6) [or 12(b)(3)] motion to dismiss does not automatically stay discovery . . . until the motion is resolved."[2] Similarly, a motion to transfer does not automatically stay proceedings while it is pending, but requires a separate motion and a showing of good cause for the stay.[3] No such motion or showing has been made here.

On a related note, the City of Trinidad stated that it opposes this Motion out of concern that its lack of opposition might be construed as a waiver of its arguments in the Motion to Dismiss/Motion to Transfer. Defendant Cate does not oppose the issuance of an order for a scheduling conference, on the condition that such non-opposition is not construed as a waiver of the City's venue arguments. Plaintiffs' position, as described above, is that the entry of a scheduling order and proceeding with discovery are not mutually exclusive to the City's pending Motion. As such, Plaintiffs would never assert that Defendants' failure to oppose this Motion constituted any kind of waiver of its venue arguments.

Plaintiffs certainly understand that the Court is very busy and has discretion to control its own docket. However, this case cannot even begin to move forward without the Court taking the initial step of setting a schedule. Such delays are almost exclusively harmful to the Plaintiffs. So, Plaintiffs respectfully ask the Court to issue an order requiring the Parties to confer within 14 days

---

[2] *Notariano v. Tangipahoa Parish Sch. Bd.*, 2018 U.S. Dist. LEXIS 135925 at *5 (E.D. La. Aug. 13, 2018) (brackets in original) (citing *Escareno ex rel. A.E. v. Lundbeck, LLC*, 2014 U.S. Dist. LEXIS 66824 at *2 (N.D. Tex. May 15, 2014), *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, 2008 U.S. Dist. LEXIS at *1 (N.D. Tex. July 23, 2008)).
[3] *See, e.g., Vanable's Constr. v. Arbuckle*, 2020 U.S. Dist. LEXIS 259605 at **4–7 (N.D. Tex. Apr. 30, 2020) (Denying a motion to stay discovery because "ONEOK has not provided 'particular and specific' facts as to why 'the ease of conducting' initial discovery is greater in the Western District of Oklahoma than in the Northern District of Texas such that there is good cause to stay all merits-based discovery until resolution of ONEOK's Motion to Transfer.").

of the order, and submit a joint proposed schedule (and any other preliminary information the Court would like) within 21 days of the order.

                                  Respectfully submitted,

                                  /s/ *Roger Topham*
                                  Roger Topham
                                  State Bar #24100557
                                  13809 Research Blvd. Suite 500
                                  Austin, Texas 78750
                                  (512) 987-7818
                                  rt@tophamlaw.com

## **CERTIFICATE OF SERVICE**

I certify that this document was served on counsel for all parties through the Court's ECF system, in accordance with the Federal Rules of Civil Procedure, on June 14, 2024.

                                  /s/ *Roger Topham*
                                  Roger Topham

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for Defendants regarding the relief requested in this Motion. The City of Trinidad is opposed, out of concern that non-opposition might be construed as a waiver of its arguments regarding venue. Ryan Cate is unopposed, on the condition that his non-opposition also not be construed to waive the City's venue arguments. See discussion above.

                                  /s/ *Roger Topham*
                                  Roger Topham