IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BRIAN THOMPSON and SHEILA THOMPSON, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § § | CIVIL ACTION NO. 6:24-cv-67 |
| RYAN CATE and the CITY of TRINIDAD, TEXAS, | § § § | |
| *Defendants*. | § § | |

**JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT**

1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

   **Plaintiffs:**

   Plaintiffs assert the following causes of action: (1) Defendant Ryan Cate violated Brian Thompson's Fourth Amendment right prohibiting unlawful seizure when, acting under color of law, he used force against Thompson that no officer would have believed was reasonable under the circumstances; (2) Defendant Ryan Cate violated Sheila Thompson's Fourth Amendment right prohibiting unlawful seizure when, acting under color of law, he arrested her for interfering with public duties, when no officer would have believed there was probable cause to support such a charge under the circumstances; (3) That the City of Trinidad caused the above constitutional violations by failing to conduct an adequate investigation of Cate's background prior to hiring him as a police officer, and that such an investigation would have would have led any reasonable supervisor to conclude that hiring him would lead to the precise constitutional violations alleged here—excessive force against a subject who presented

1

no threat whatsoever, and false arrest on fabricated charges of "interference with public duties."

**Defendant Ryan Cate:**

Defendant Ryan Cate invokes the doctrine of qualified immunity, and asserts that he is immune from both suit and liability. Defendant asserts that his actions involving Plaintiffs, Brian Thompson and Sheila Thompson, did not violate clearly established statutory or constitutional rights of which a reasonable person would have known, and thus Plaintiffs' claims should be dismissed. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Further, Defendant Cate did not engage in conduct which violated any substantive or procedural rights of either Plaintiff under the Constitution of the United States, any state or federal statute, or the common law of the State of Texas. Defendant also asserts that the incident which forms the basis of this lawsuit occurred as a direct result of Plaintiff Brian Thompson's refusal to comply with the lawful order of Defendant, and his decision to flee from the Defendant who was attempting to execute a lawful arrest. The event was exacerbated by Sheila Thompson's attempts to physically prevent Defendant from performing his lawful duties in arresting Plaintiff Brian Thompson.

**Defendant City of Trinidad:**

As an initial matter, the City of Trinidad objects to the entry of a scheduling order or the requirement to engage in litigation until its Motion to Dismiss and Alternative Motion to Transfer Venue [#4] is fully adjudicated. The City incorporates its Motion to Dismiss and all of its associated pleadings herein by reference pursuant to Federal Rule of Civil Procedure 10(c) as if quoted verbatim herein. Subject to and without waiving the foregoing objection and its Motion to Dismiss [#4], the City of Trinidad provides the following response:

The City of Trinidad denies Plaintiffs' allegations and demand strict proof thereof. The City also asserts the following affirmative defenses:

- Plaintiffs' claims are barred, in whole or in part, by comparative fault or contributory negligence.

- The events of which Plaintiffs complain were caused by an intervening or superseding cause.

- The events of which Plaintiffs complain were caused by the actions of persons

other than Defendants and/or over whom Defendants had no control.

• The events of which Plaintiffs complain were caused by new and independent causes and were not reasonably knowable or foreseeable to Defendants.

• The events of which Plaintiffs complain were not caused by any action or inaction of any Defendant.

• Plaintiffs failed to exhaust their administrative remedies prior to filing suit.

• Plaintiffs failed to mitigate their damages.

• Plaintiffs' own actions and/or the actions of another were the sole cause of tehir injuries, if any.

• Plaintiffs have failed to state a claim upon which relief can be granted.

• Defendants deny violating Plaintiffs' constitutional rights.

• Defendants deny being deliberately indifferent to any serious risk of harm to Plaintiffs.

• Defendants deny that they had actual knowledge of an alleged serious risk of harm to Plaintiffs.

• Defendants invoke all statutory and common law damage caps with respect to the damages Plaintiffs seeks.

• The City is entitled to sovereign immunity from the allegations in Plaintiffs' Complaint in accordance with the standards of *Monell* and its progeny and are entitled to immunity under the Eleventh Amendment of the United States Constitution and by the corresponding provisions of the Texas Constitution. The City is not liable because Plaintiff has failed to plead or prove any set of facts that would satisfy the "policy, custom, or practice" requirements contained in *Monell* and its progeny. A municipality may be held liable only where a plaintiff proves four elements: (1) a policymaker; (2) an official policy; (3) a constitutional violation; and (4) a violation of that constitutional right whose "moving force" is "the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). "The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (internal quotation marks omitted).

The City can be sued under § 1983 "only for acts directly attributable to it 'through some official action or imprimatur.'" *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010) (quoting *Piotrowsky v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)); *see also Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658,

3

691, (1978) ("[T]he language of § 1983 . . . compels conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). Municipal liability under §1983 can never be based on *respondeat superior*. *Monell*, 436 U.S. at 691. The City cannot be liable because Plaintiffs were not injured as the result of any policy, custom, or practice of the City of Trinidad.

• The City is not liable for punitive damages as a matter of law. Nonetheless, any claims for punitive damages are subject to the applicable provisions of the United States and Texas Constitutions, including but not limited to those provisions that pertain to due process, equal protection, taking of private property, and excessive fines and punishments.

• Defendants deny violating any of Plaintiffs' constitutional rights or otherwise injuring Plaintiffs.

• Defendants deny that they had actual knowledge of any alleged serious risk of harm to Plaintiffs or of any serious medical need.

• Defendants would show that all of their alleged acts or omissions were made in good faith and were objectively reasonable, and they deny that any of their alleged acts or omissions were undertaken maliciously, intentionally, with callous or deliberate indifference, knowingly, negligently, or with any other degree of culpability.

• The City would show that liability under § 1983 cannot be premised on *respondeat superior*, and Plaintiffs' claims are based upon the doctrines of *respondeat superior* and/or vicarious liability.

• Defendants deny that any official policy or custom of the City's final policymaker was the moving force behind any alleged violation of Plaintiffs' constitutional rights.

• Defendants would show that Plaintiffs' allegations are insufficient to show the existence of a policy, custom, or practice.

• Plaintiffs' alleged damages, if any, are too speculative to form the basis of recovery.

• Defendants invoke all caps and limits on punitive or exemplary damages as set forth in the Texas Civil Practice and Remedies Code.

• Defendants' policies, customs, procedures, and practices were supported by legitimate governmental interests.

• Defendants deny that Plaintiffs have sustained or will sustain lost earning capacity as a result of the alleged events and invoke Texas Civil Practice and Remedies Code § 18.091 and assert that any claims of lost earnings or lost earning capacity must be presented in a form of a net loss after reduction for income tax

payments and unpaid tax liability pursuant to any federal income tax law.

- Defendant is not liable to Plaintiff for the amount of damages claimed because Defendant is entitled to an offset.

2. Are there any outstanding jurisdictional issues? Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

    There are no unserved parties. See the City of Trinidad's answer to #1 regarding the outstanding issue of contested venue.

3. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

    Not at this time.

4. Are there any legal issues in this case that can be narrowed by agreement or by motion?

    None at this time.

5. Are there any issues about preservation of discoverable information?

    None that the Parties are aware of at this time.

6. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?

    The Parties are unaware of any such issues at this time. Electronically stored information should be produced in its native format whenever possible. The Parties do not anticipate specifically seeking the production of metadata.

7. What are the subjects on which discovery may be needed?

    Plaintiffs' proposed discovery includes documentation of the encounter/arrests (including video and audio recordings); documents related to Ryan Cate's hiring by the City of Trinidad; medical records.

    The City's proposed discovery includes items relating to Plaintiffs' personal, work, legal, and criminal histories.

5

8. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?

   Initial disclosures have not yet been made. Plaintiffs do not oppose providing disclosures in the usual manner prescribed by the Federal Rules.

   As mentioned above, the City objects to the entry of any discovery order prior to the full and final adjudication of its Motion to Dismiss and Alternative Motion to Transfer Venue [#4].

9. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?

   Discovery has not yet commenced. See the proposed schedule for suggested deadlines for both fact and expert discovery. Discovery in this case is expected to be fairly limited, and the Parties do not believe it needs to be conducted in phases or otherwise limited at this time.

   As mentioned above, the City objects to the entry of any discovery order prior to the full and final adjudication of its Motion to Dismiss and Alternative Motion to Transfer Venue [#4]. To the extent that the City's Motion is fully adjudicated, it does not oppose the dates set forth in the proposed scheduling order.

10. What, if any, discovery disputes exist?

    The City opposes any discovery until its Motion to Dismiss and Alternative Motion to Transfer Venue [#4] is fully adjudicated.

11. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

    The Parties do not believe such an order is necessary at this time, and will address matters of privilege as they arise and in accordance with Rule 26(b)(5).

12. Have the parties discussed early mediation?

    The Parties have agreed to seek early mediation and have tentatively agreed to use Randy Akin (Longview, TX). No date has been confirmed at this time.

13. Have the parties considered seeking entry of a confidentiality and protective order and are

there any other scheduling or discovery items requiring the court's attention?

This case is not expected to involve extensive document discovery. Plaintiffs may seek a protective order for the purpose of keeping medical records confidential, if the need arises.

| | |
|---|---|
| /s/ *Roger Topham* | **06/24/2024** |
| Counsel for Plaintiff(s) | Date |

Roger Topham
State Bar #24100557
13809 Research Blvd. Suite 500
Austin, Texas 78750
(512) 987-7818
rt@tophamlaw.com

| | |
|---|---|
| /s/ *Lance Vincent* | **06/24/2024** |
| Counsel for Defendant(s) | Date |

Lance Vincent
State Bar #20585580
Ritcheson, Lauffer & Vincent, P.C
821 Ese Loop 323, Suite 530
Tyler, TX 75701
903-535-2900
Fax: 903-533-8646
Email: lancev@rllawfirm.net


**David Iglesias**                                    **06/24/2024**
State Bar No. 24051733                                  Date
david@iglesiaslawfirm.com
Lead Counsel
**Iglesias Law Firm, PLLC**


605 Chase Drive, Suite 8
Tyler, Texas 75701
Telephone: (903) 944-7185
Facsimile: (903) 630-5338

*Dallas Office:*
1412 Main Street, Suite 608
Dallas, Texas 75202

**Counsel for Defendant**
**City of Trinidad, Texas**